IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20039-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| RAMON CHAVEZ, SR., | ) | No. 15-9169-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody</u> (Doc. #474) filed July 13, 2015. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

**Factual Background**

On April 18, 2012, a grand jury returned an indictment which charged defendant with conspiracy to commit various offenses involving buying, selling and transporting firearms in violation of Title 18, United States Code, Sections 554, 922 and 924 (Count 1), conspiracy to launder the proceeds of unlawful activity in violation of Title 18, United States Code, Sections 1956 and 1957 (Count 2), six substantive firearm offenses (Counts 4-5, 7-9, 11) and five substantive money laundering offenses (Counts 6, 10, 12-14). On April 4, 2014, defendant pled guilty to one count of conspiracy to commit various firearms offenses. See Plea Agreement (Doc. #341). On August 20, 2015, the Court sentenced defendant to 60 months in prison.[1]

---

[1] Defendant's total offense level was 31, with a criminal history category I, resulting in a guideline range of 108 to 135 months in prison. Because defendant pled guilty only to Count 1,
(continued...)

On direct appeal, defendant challenged his conviction and sentence because counsel provided ineffective assistance. See United States v. Chavez, 596 F. App'x 636, 637 (10th Cir. 2014). The Tenth Circuit granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal. See id.

Robin D. Fowler represented defendant throughout the district court proceedings. On appeal, the Tenth Circuit allowed Fowler to withdraw and appointed new counsel.

On July 13, 2015, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion asserts that Fowler provided ineffective assistance because (1) he did not conduct an adequate investigation and give defendant his professional assessment of the strength of the government case, (2) he did not file pretrial motions, (3) at the change of plea hearing, he advised defendant not to use an interpreter, (4) he did not adequately explain the plea agreement and the consequences of a guilty plea, (5) at sentencing, he did not raise certain objections to defendant's guideline range and (6) at sentencing, he did not present evidence to prevent forfeiture of defendant's property. Memorandum Of Law (Doc. #475) at 9-18.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for

---

[1](...continued)
however, his sentencing range was capped at 60 months, the statutory maximum for the firearms conspiracy charged in Count 1.

counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988).

### I. Failure To Give Informed Assessment Of Government Case (Claim 1)

Defendant argues that counsel provided ineffective assistance because he did not conduct an adequate investigation and give defendant his professional assessment of the strength of the government case. See Memorandum Of Law (Doc. #475) at 13, 17. At the plea hearing, defendant conceded that the government had evidence that he committed the crime of conspiracy to (1) export firearms from the United States in violation of U.S. laws and regulations, (2) make false statements in connection with the acquisition of firearms, (3) deal in firearms as an unlicensed dealer, (4) illegally transport firearms across state lines, (5) transport firearms to unlicensed dealers from other states and (6) travel in interstate commerce to acquire firearms. See Plea Agreement (Doc. #341) ¶ 1. Defendant has not cited any legal or factual defense to the charges (either in Count 1 or the other 12 counts that were dismissed at sentencing) or the evidence which the government

outlined in the plea agreement.[2]

A decision not to investigate cannot be deemed reasonable if it is uninformed, see Hooper v. Mullin, 314 F.3d 1162, 1170-71 (10th Cir. 2002), but defendant has not shown that counsel's alleged decision was uninformed. Moreover, counsel may reasonably decide to rely on prior statements of witnesses to investigators. See Wilson v. Simmons, 536 F.3d 1064, 1136 (10th Cir. 2008). Defendant's conclusory allegations of inadequate pretrial preparation do not establish deficient performance and are insufficient to warrant an evidentiary hearing. See United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same).

To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). Initially, defendant has not specifically asserted that he would have rejected the plea bargain if counsel had conducted a further investigation and a better assessment of the case. In any event, he has not shown that he would have likely prevailed at trial and the

---

[2] Defendant argues that counsel should have provided him copies of certain documents such as the search warrant and defendant's various forms of identification so that he could have a meaningful opportunity to assess his case. See Memorandum Of Law (Doc. #475) at 12. Defendant has not explained how access to these documents would have altered his decision to plead guilty.

record does not reflect any viable defense against the charges in the 13 counts against him.  In light of the agreed factual basis set forth in the plea agreement and the various statements by others set forth in the presentence report, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty.  See United States v. Young, 206 F. App'x 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11.

The Court overrules defendant's first claim for relief.

**II.     Failure To File Pretrial Motions (Claim 2)**

Defendant argues that counsel provided ineffective assistance because he did not file pretrial motions.  See Memorandum Of Law (Doc. #475) at 11-14, 17.  In particular, defendant argues that counsel should have filed (1) a motion to suppress evidence of all weapons and ammunition that defendant did not own, (2) a motion challenging government evidence and use of proffer statements by defendant, (3) a motion to challenge the sufficiency of the indictment and (4) a motion for a speedy trial.  See id.  Only those motions having a solid foundation should be filed, however, not every possible motion.  United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir. 1985).  Defendant has not shown an adequate factual or legal basis for any of the identified pretrial motions or suggested how any such motion would have likely altered his decision to plead guilty or the outcome of sentencing.  The Court therefore overrules defendant's claim that counsel provided ineffective assistance for failing to file certain pretrial motions.

**III.    Advice Not To Use Interpreter (Claim 3)**

Defendant argues that counsel provided ineffective assistance because at the change of plea hearing, he advised defendant not to use an interpreter.  See Memorandum Of Law (Doc. #475) at

9. At the change of plea hearing and sentencing, defendant did not express any difficulty in understanding English. At the change of plea hearing, the Court specifically inquired about defendant's ability to understand English as follows:

> THE COURT: And do you understand -- and just to make sure, you speak English, right?
>
> THE DEFENDANT: I give it my best.
>
> THE COURT: We have a translator.
>
> THE DEFENDANT: I give my best try. Go ahead.
>
> THE COURT: Okay.
>
> MR. FOWLER: Judge, we had --
>
> THE COURT: Go ahead.
>
> MR. FOWLER: Judge, I met with Mr. Chavez a couple dozen times. I speak a little bit slower with him, but he speaks and understands. He's speaking pretty slowly today because I've asked him and he's the first client that's ever done it. Most of my clients interrupt the Court when you're going through this. I said, wait until she stops. So that's the hesitation. He's listening. No one else ever has.
>
> THE COURT: Okay.
>
> THE DEFENDANT: Just a little I can comprehend the questions, but I do understand what you're saying.
>
> THE COURT: Okay. Well, you do have -- is Spanish your first language?
>
> THE DEFENDANT: Spanish is my first language, yes, agree.
>
> THE COURT: Okay. So we have an interpreter here so if you have any questions about --
>
> THE DEFENDANT: Sure. I will ask for them. Thank you, ma'am.
>
> THE COURT: Because it's so important that you and I communicate and that you understand my questions and I understand your answers.

>    THE DEFENDANT: I understand that.

Transcript Of Change Of Plea Hearing (Doc. #442) at 15-16. The Tenth Circuit also rejected a similar claim on direct appeal as follows:

> Next, there is no factual basis to support Mr. Chavez's statement that the waiver was not knowing and voluntary because he does not understand English. Setting aside the fact that an interpreter was available at all times during the plea hearing and Mr. Chavez declined the court's offer to use those services, his own lawyer stated that Mr. Chavez "speaks and understands [English]." Plea Hr'g Tr. at 15. Nonetheless, Mr. Chavez presses the issue by interpreting the facts to mean that his "comprehension of even 'common' English was in doubt," and the court was therefore required to "order that the translator be used in order to fully ensure that the defendant understood the proceedings against him and the substance of his waiver in the plea agreement." Resp. at 9-10. This argument also lacks any legal support.

Chavez, 596 F. App'x at 637-38. In light of the record at the change of plea hearing, defendant has not alleged sufficient facts to show that counsel's alleged advice about using an interpreter was deficient or prejudicial. The Court therefore overrules defendant's third claim for relief.[3]

## IV.     Failure To Explain Impact of Plea (Claim 4)

Defendant argues that counsel provided ineffective assistance because he did not adequately explain the plea agreement and the consequences of a guilty plea. See Memorandum Of Law (Doc. #475) at 11, 16-18. Defendant's conclusory allegation is insufficient to establish that counsel's performance was deficient. The plea petition, the plea agreement and defendant's statements at the

---

[3] Defendant apparently argues that the merit of his claim related to the lack of an interpreter is "highlighted" by the Court's ruling "against the prosecution motion to not allow petitioner Chavez to appeal based upon the stipulation of the plea agreement." See Memorandum Of Law (Doc. #475) at 9. At sentencing, defense counsel explained that the waiver in the plea agreement was subject to the standard exceptions for prosecutorial misconduct and ineffective assistance of counsel. Transcript Of Sentencing (Doc. #441) at 35-36. The Court did not rule on any government motion to preclude defendant from filing an appeal. In any event, defendant does not explain how this issue relates to his argument that counsel provided ineffective assistance because he advised defendant not to use an interpreter.

change of plea colloquy conclusively refute his assertions of confusion about the plea and plea agreement.[4]  Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.  United States v. Glass, 66 F. App'x 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218 (Table), 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

Even if counsel had failed to fully explain the terms of the plea agreement or plea process, defendant has not shown prejudice.  As noted above, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty.  See Young, 206 F. App'x at 785; Rantz, 862 F.2d at 810-11.  In particular, after the Court reviewed the terms of the plea agreement with defendant at the plea hearing (including the waiver provision), defendant pled guilty.  The Court overrules defendant's claim that counsel provided ineffective assistance during plea negotiations because he did not fully explain the plea agreement or the plea process.[5]

---

[4]     The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that he understood the charges against him, the maximum prison term, the rights which he was waiving and the factual basis for his plea.  In his written plea agreement and the plea colloquy, defendant affirmed under oath that he had discussed the plea agreement with counsel, that his plea was free and voluntary, that no one had forced or threatened him to enter it, that no promises were made to induce him to plead guilty, that he was fully satisfied with the advice and representation of counsel and that the only reason he was making a plea was that he was in fact guilty as charged.  Nothing in the record suggests that defendant's plea was unknowing or involuntary.

[5]     Defendant notes that counsel did not explain the consequences of a Rule 11(c)(1)(C) plea.  See Memorandum Of Law (Doc. #475) at 11, 16.  Defendant pled guilty under Rule 11(c)(1)(A) because the plea agreement required the government to dismiss other charges but did not set forth a specific, agreed sentence on the count of conviction.  Accordingly, counsel's alleged failure to explain the consequences of a Rule 11(c)(1)(C) plea was not deficient or
(continued...)

## V.     Failure To Object To Guideline Range (Claim 5)

Defendant argues that counsel provided ineffective assistance because at sentencing, he did not raise certain objections to defendant's guideline range. See Memorandum Of Law (Doc. #475) at 14. As explained above, because defendant pled guilty only to Count 1, his sentencing range was capped at 60 months, the statutory maximum for the firearms conspiracy charged in Count 1. Defense counsel raised several objections to the calculation of defendant's guideline range. See Presentence Investigation Report (Doc. #379) ¶¶ 163-70. In doing so, counsel acknowledged that even if the Court were to sustain all of the objections, defendant's guideline range would be 70 to 87 months and still subject to a cap of 60 months based on the statutory maximum. In addition, at sentencing, the Court noted that it had no independent interest in resolving the objections and that they were essentially non-issues. Transcript Of Sentencing (Doc. #441) at 3-4. Because the objections did not impact defendant's final guideline range or his sentence, counsel's decision not to pursue the objections at sentencing was not deficient or prejudicial. The Court overrules defendant's fifth claim for relief.

## VI.    Failure To Object To Forfeiture Of Property (Claim 6)

Defendant argues that counsel provided ineffective assistance because at sentencing, he did not present evidence to prevent forfeiture of defendant's property. See Memorandum Of Law (Doc. #475) at 10. As part of the plea agreement, defendant specifically agreed to a forfeiture judgment in the amount of $74,942.00 and a forfeiture of his interest in two residential properties, two vehicles and numerous firearms. See Plea Agreement (Doc. #341) ¶ 2. Defendant argues that at sentencing,

---

⁵(...continued)
prejudicial.

counsel should have noted that defendant had some legitimate income during the period of his criminal activity. The presentence investigation report already set forth defendant's employment history which showed that he also received legitimate income throughout the period of the charged conspiracy. Presentence Investigation Report (Doc. #379) ¶¶ 130-34. Even so, defendant does not explain how counsel's failure to highlight this information was deficient or prejudicial. The fact that defendant received some legitimate income by itself is not a valid defense to the forfeiture allegations and does not refute defendant's admission in the plea agreement that the items listed in the Superseding Indictment were "used or intended to be used to facilitate the commission of Count 1 and/or constitutes proceeds derived or obtained from the commission of Count 1." Plea Agreement (Doc. #341) ¶ 2.A. Counsel's failure to object to the forfeiture judgment was not deficient or prejudicial.

## VII.   Waiver Of Collateral Attacks

In the government's response to defendant's motion, it also seeks to enforce the waiver of collateral attacks in the plea agreement, but incorrectly states that the waiver only preserved claims of "ineffective assistance of counsel as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)." Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence And Motion For Enforcement Of Plea Agreement (Doc. #490) filed January 11, 2016 at 3. The government ignores the final sentence of the waiver which states "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement (Doc. #341) ¶ 12.[6] Because defendant's claims relate to ineffective

---

[6] The government's error is particularly egregious because it quoted the entire waiver provision (Paragraph 12) except the final sentence which contains the relevant exception. To avoid
(continued...)

assistance of counsel, the Court overrules the government's request to enforce the waiver of collateral attacks.  See United States v. Drayton, No. 12-2568-KHV, 2013 WL 789027, at *4 (D. Kan. Mar. 1, 2013); United States v. Clark, No. 10-20076-12-KHV, Order (Doc. #567) filed February 7, 2013; United States v. Cereceres-Morales, No. 09-20034-01-KHV, 2012 WL 4049801, at *1 n.2 (D. Kan. Sept. 13, 2012); United States v. Perea, No. 08-20160-08-KHV, 2012 WL 851185, at *1 n.1 (D. Kan. Mar. 8, 2012); United States v. Malone, No. 09-20159-01-KHV, 2012 WL 380239, at *2 (D. Kan. Feb. 6, 2012).

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

---

⁶(...continued)
this error in future cases, the Court expects that before the government asserts a waiver in a plea agreement as a bar to a claim under 28 U.S.C. § 2255, the AUSA will personally review the waiver and determine whether it applies to the specific claims in that case.  In addition, in any assertion of waiver to claims under Section 2255, the government must specifically explain why the waiver applies in that case.  The Court will summarily overrule any further boilerplate assertions of waiver.

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #474) filed July 13, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 24th day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

[7] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).