# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20039-01-KHV |
| RAMON CHAVEZ, SR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's letter (Doc. #517) filed April 5, 2018, which the Court construes as a motion for early termination of supervised release. The government opposes defendant's motion. See Government's Response In Opposition To Defendant's Motion To Terminate Supervised Release Term (Doc. #519) filed April 16, 2018; Government's Surreply To Defendant's Reply To Government's Response To Defendant's Motion To Terminate Supervised Release Term (Doc. #526) filed July 9, 2018. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On April 18, 2012, a grand jury returned an indictment which charged defendant with conspiracy to commit various offenses involving buying, selling and transporting firearms in violation of Title 18, United States Code, Sections 554, 922 and 924 (Count 1), conspiracy to launder the proceeds of unlawful activity in violation of Title 18, United States Code, Sections 1956 and 1957 (Count 2), six substantive firearm offenses (Counts 4-5, 7-9, 11) and five substantive money laundering offenses (Counts 6, 10, 12-14). On April 4, 2014, defendant pled guilty to one count of conspiracy to commit various firearms offenses.[1] See Plea Agreement (Doc. #341). On August 20, 2015, the Court

---

[1] As part of the plea agreement, defendant agreed that $74,942.00 represented the amount
(continued...)

sentenced defendant to 60 months in prison and 36 months of supervised release.[2]

On August 26, 2016, defendant began his term of supervised release. On April 5, 2018, defendant filed a pro se request for early termination of supervised release. See Doc. #517. On May 16, 2018, the Court appointed the Office of the Federal Public Defender to represent defendant. See Order Appointing Federal Public Defender (Doc. #522).

Defendant currently has an outstanding balance on his criminal forfeiture judgment of $68,676.95.[3] Defendant has been gainfully employed throughout the period of his supervision. Even so, he has not made any payments on the forfeiture judgment.

## Analysis

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The government agrees that defendant appears to have done well on supervision but notes that he has not made any effort to satisfy the outstanding criminal forfeiture judgment. Government's Response In Opposition To Defendant's Motion To Terminate Supervised Release Term (Doc. #519) at 2; Government's Surreply To Defendant's Reply To Government's Response To Defendant's Motion To

---

[1](...continued)
of proceeds that he had obtained as a result of his charged conduct in Count 1. See Plea Agreement (Doc. #341), ¶ 2. Defendant also agreed to the imposition of a forfeiture money judgment against him in an amount to be determined by the Court. See id.

[2] Defendant's total offense level was 31, with a criminal history category I, resulting in a guideline range of 108 to 135 months in prison. Because defendant pled guilty only to Count 1, however, his sentencing range was capped at 60 months, the statutory maximum for the firearms conspiracy charged in Count 1.

[3] The original forfeiture amount was reduced by the proceeds of several administrative forfeitures. Based on the record, it does not appear that defendant made any payments while in prison.

Terminate Supervised Release Term (Doc. #526) at 3-5.

Defendant argues that his failure to pay the forfeiture judgment is not a valid ground to deny his request for termination of supervised release. Reply To Government's Response To Defendant's Motion To Terminate Supervised Release (Doc. #524) filed June 8, 2018 at 2. Defendant maintains that the Court should not interfere with the Executive Branch's responsibility to collect on the forfeiture judgment. Id. at 2-7. The Court need not address the jurisdictional limits of its authority to enforce or collect the forfeiture judgment as part of this criminal action. Instead, in determining whether early termination of supervision is warranted by his conduct and the interest of justice, the Court considers as a relevant factor defendant's failure to make any effort to pay the forfeiture judgment.[4] In guidance to probation officers, the Judicial Conference of the United States has adopted the position that an

---

[4] Defendant cites no authority for his argument that in determining whether early termination of supervision is warranted by his conduct and the interest of justice, the Court cannot consider his failure to pay the forfeiture judgment. Defendant argues that the forfeiture agreement is "separate" from this criminal matter. See Reply To Government's Response To Defendant's Motion To Terminate Supervised Release (Doc. #524) at 3-4, 6; Reply To Government's Surreply To Defendant's Motion To Terminate Supervised Release (Doc. #527) filed July 20, 2018 at 6.

The forfeiture judgment reflects "the amount of proceeds [defendant] obtained as a result of the criminal violations in Count 1." Preliminary Order Of Forfeiture And Imposition Of Forfeiture Judgment (Doc. #372) filed July 10, 2014 at 1; see also Judgment In A Criminal Case (Doc. #390) filed August 27, 2014 at 6 (making preliminary order final). Although the Executive Branch is responsible for collecting the forfeiture amount and can do so beyond the period of supervision in this criminal case, the Court can consider defendant's failure to pay in this related matter as part of his conduct and the interest of justice. Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (sentencing court has "broad discretion" to grant or deny termination of supervised release). Other cases illustrate that the prosecution and defense consider defendant's payment on a forfeiture judgment as a relevant factor. See United States v. Jacquez-Lozano, No. 3:16-CR-1711-GPC, 2017 WL 1400011, at *1 (S.D. Cal. Apr. 19, 2017) (plea agreement required defendant to fully satisfy criminal forfeiture judgment before he could seek early termination of supervised release); United States v. Sahakari, No. CR-10-936 PJH, 2014 WL 3845166, at *1 (N.D. Cal. Aug. 4, 2014) (defendant argued early termination of supervised release warranted in part because he paid off restitution and forfeiture judgment); United States v. Antico, No. CRIM. A. 98-242, 2008 WL 4146189, at *1 (E.D. Pa. Sept. 8, 2008) (same); United States v. Antico, No. CR.A. 98-242, 2008 WL 2973033, at *1 (E.D. Pa. Aug. 4, 2008) (same).

"outstanding financial penalty does not *per se* adversely affect early termination eligibility as long as the offender has been paying in accordance with the payment plan." The Supervision Of Federal Offenders, Monograph 109, Section 380.10(c); see Report Of The Proceedings Of The Judicial Conference Of The United States at 14 (Mar. 15, 2005) (approving Monograph 109), available at www.uscourts.gov/file/2151/download. Even if the Court assumes that the term "financial penalty" does not encompass forfeiture judgments, a similar rationale should apply to such judgments. Ordinarily, a defendant on release should inquire about any outstanding forfeiture judgment and make some effort to satisfy at least a portion of the judgment based on his or her financial means.

In addition to defendant's failure to pay the outstanding forfeiture judgment, the Court has considered the positions of the United States Attorney and the United States Probation Office, and the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). In particular, the nature and circumstances of the offense counsel against early termination of supervised release. Defendant was the leader of a large-scale firearms trafficking conspiracy. See Transcript Of Sentencing (Doc. #441) at 32 (accountable for more than 200 illegal firearm transactions). Defendant knew that many of the firearms which he sold were transported to Guatemala, Nicaragua and Mexico. See Presentence Investigation Report (Doc. #379) filed August 12, 2014, ¶¶ 26, 28-29, 49, 59-61, 64, 67, 72-74, 76, 98. After considering the factors under Section 3553(a), the Court originally sentenced defendant to the statutory maximum term of imprisonment (60 months) and the statutory maximum term of supervised release (36 months). Defendant's term of imprisonment was significantly lower than his guideline range of 108 to 135 months. Defendant has not shown that his conduct and the interest of justice warrant early termination of supervised release. At this time, based

on defendant's showing and the relevant factors under Section 3553(a), the Court overrules defendant's request for early termination of supervised release.[5]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #517) filed April 5, 2018, which the Court construes as a motion for early termination of supervised release, is **OVERRULED**.

Dated this 8th day of August, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5] If defendant enters (or has entered) into a payment plan for the forfeiture judgment and establishes that he is current with that plan (including payment of the amount which the government determines that he should have paid since his release from prison in August of 2016), he may re-file his motion for early termination of supervised release.